IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:08-612-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| LIONEL WASHINGTON ) | |
| ) | |
| _____ ) | |

The defendant has written the court indicating that his "priors" do not qualify in light of *United States v. Simmons*, 635 F.3d 140 (4th Cir. 2011).[1] The defendant also requests the court appoint him an attorney for his "2255 so it is done correctly." It appears that the defendant is challenging his conviction and sentence under 28 U.S.C. § 2255. However, a formal motion has not been filed. Moreover, the defendant does not provide a basis for his contention that his sentence is improper.

The defendant previously filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255, raising various grounds of ineffective assistance of counsel and contending that he should receive the benefit of the Fair Sentencing Act. This court found the petition to be without merit, denied a certificate of appealability, and granted the government's motion for summary judgment on August 24, 2011.

---

[1] In *Carachuri-Rosendo v. Holder*, 2010 WL 2346552 (June 14, 2010), the Supreme Court addressed applicability of a state's recidivist law to the aggravated felony determination in an immigration context. In light of this case, the Supreme Court vacated and remanded for further consideration several Fourth Circuit judgments, including *Simmons v. United States*. The *Simmons* case challenged the district court's use of a prior North Carolina state conviction for purposes of imposing an enhanced sentence under 21 U.S.C. § 841(b)(1)(D). Upon remand by the Supreme Court, the Fourth Circuit Court of Appeals affirmed the district court's judgment because under *United States v. Harp*, 406 F.3d 242 (4th Cir.2005), Simmons' state conviction qualified as a "felony drug offense" as defined in 21 U.S.C. § 802(44), and therefore supported an enhanced sentence under § 841(b)(1)(D).

It appears to this court that the defendant's present request is potentially a successive or second petition. Prior to filing a second or successive petition under § 2255, the defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). See also Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion ...."). It appears the defendant has not obtained permission from the Fourth Circuit, and thus, this court is without jurisdiction to consider it.

In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp.2010)

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 11, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge